# SUMMONS ISSUED

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------- x

CARL MORGAN,

                Plaintiff,

        -against-

CITY OF NEW YORK; Detective KIRK S.
FERNANDES, Shield No. 2531; Detective
ROHAN WARREN, Shield No. 2378; Defendant
Police Officer John/Jane Doe, Shield No. 1655;
and JOHN and JANE DOE 1 through 10,
individually and in their official capacities (the
names John and Jane Doe being fictitious, as the
true names are presently unknown),

                Defendants.

------------------------------------------------------------- x

**COMPLAINT**

Jury Trial Demanded

CV 12 4972

**MAUSKOPF, J.**

**MANN. M.J.**

FILED
CLERK
2012 OCT -4 AM 11: 15
U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

## NATURE OF THE ACTION

1.     This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2.     This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States.

3.     The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5.     Plaintiff demands a trial by jury in this action.

## PARTIES

6.     Plaintiff Carl Morgan ("plaintiff" or "Mr. Morgan") is a resident of Kings County in the City and State of New York.

7.     Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

8.     Defendant Detective Kirk S. Fernandes, Shield No. 2531 ("Fernandes"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Fernandes is sued in his individual and official capacities.

9.     Defendant Detective Rohan Warren, Shield No. 2378 ("Warren"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Warren is sued in his individual and official capacities.

10.     Defendant Police Officer John/Jane Doe, Shield No. 1655 ("Defendant 1655"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant 1655 is sued in his/her individual and official capacities.

11.    At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

12.    At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of defendant City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

13.    At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

14.    At approximately 6:30 p.m. on July 8, 2011, plaintiff was lawfully in the vicinity of 150 Sterling Place, Brooklyn, NY.

15.    At no time was involved in criminal activity plaintiff, or acting in a manner give officers any reasonable suspicion or probable cause to believe that a crime had been or was being committed.

16.    Plaintiff was exiting the building when individuals dressed in street-clothes, who plaintiff later learned to be police officers, ran towards plaintiff.

17.    At the time, plaintiff did not know that the individuals were police officers because they were not wearing any information identifying them as such and

they did not announce that they were police officers.

18.    One defendant grabbed plaintiff's wrist and twisted it.

19.    Thinking that defendant was someone trying to rob him, plaintiff pulled his hand back in fear.

20.    The second defendant came from behind plaintiff and hit him on the head with a blunt object, knocking plaintiff out.

21.    When he awoke, plaintiff's face was smashed against a wall and his hands were in rear handcuffs.

22.    Immediately, evidence of plaintiff's serious injury was apparent - his face, neck and jaw was bruised and swollen.

23.    While plaintiff was unconscious, officers had illegally searched him and recovered one small bag of marijuana that plaintiff had for personal use.

24.    To cover up their illegal stop, search and assault of plaintiff, defendants arrested plaintiff for possession of marijuana and resisting arrest.

25.    Because possession of marijuana for personal use is not a crime in New York, but rather a violation, the officers alleged that they saw plaintiff holding thirty-one bags of marijuana in his right hand in public view.

26.    At no time did plaintiff have marijuana or any other contraband in public view.

27.    Defendants threw plaintiff from the wall to the police van and despite

evidence of serious medical injury, he was taken to the 77th precinct for processing.

28.    At the precinct the officers falsely informed employees of the Kings County District Attorney's Office that they had observed plaintiff in possession of 31 bags of marijuana in public view and resisting arrest.

29.    At no point did the officers observe plaintiff possess possession of 31 bags of marijuana in public view or resisting arrest.

30.    As a result of the assault by police officers, plaintiff was feeling dizzy, and his face and jaw were continuing to swell.

31.    After numerous pleas for medical attention, at approximately 2:44 a.m. on July 9, 2011, defendants from the 77th precinct, including defendant 1655 took plaintiff to Woodhull Medical and Mental Health Center.

32.    Medical staff observed that as a result of an assault, plaintiff sustained contusions to the face, scalp, and neck.

33.    Plaintiff's head trauma was so severe that they conducted a CT scan and prescribed him medication.

34.    Despite his serious injuries, plaintiff was then transported to and subsequently arraigned in Kings County Criminal Court.

35.    Plaintiff was released after spending approximately forty-eight hours in custody.

36.    All criminal charges against plaintiff were subsequently dismissed.

37.    Plaintiff suffered damage as a result of defendants' actions. Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to his reputation.

## FIRST CLAIM
### Unlawful Stop and Search

38.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

39.    Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

40.    As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

## SECOND CLAIM
### Malicious Prosecution

41.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

42.    By their conduct, as described herein, and acting under color of state law, defendants are liable to plaintiff under 42 U.S.C. § 1983 for the violation of his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

43.    Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive plaintiff of his constitutional rights. The

prosecution by defendants of plaintiff constituted malicious prosecution in that there was no basis for the plaintiff's arrest, yet defendants continued with the prosecution, which was resolved in plaintiff's favor.

44.     As a direct and proximate result of defendants' unlawful actions, plaintiffs have suffered, and will continue to suffer, damages, including physical, mental and emotional injury and pain, mental anguish, suffering, humiliation, embarrassment and loss of reputation.

### THIRD CLAIM
### Unreasonable Force

45.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

46.     The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

47.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

### FOURTH CLAIM
### Denial Of Constitutional Right To Fair Trial

48.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

49.     The individual defendants created false evidence against Plaintiff.

50.     The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

51.     In creating false evidence against Plaintiff, and in forwarding false information to prosecutors, the individual defendants violated Plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

52.     As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### First Amendment Retaliation

53.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

54.     By their conduct, as described herein, and acting under color of state law to deprive the plaintiff of his right to freedom of speech under the First and Fourteenth Amendments, the individual defendants are liable for violation of 42 U.S.C. § 1983 which prohibits the deprivation under color of state law of rights secured under the United States Constitution. The individual defendants have violated plaintiff's First Amendment rights to speech by unlawfully denying his right to speak freely by subjecting him to false arrest and excessive force to deter the exercise of his

First Amendment rights. Defendants' actions were taken in retaliation for plaintiff's exercising his First Amendment rights.

55.    As a consequence of the individual defendants' actions, plaintiff has suffered violations of his First and Fourteenth Amendment rights to free speech. Plaintiff has fear and apprehension that he will, again, be subject to similar unlawful acts by defendants done for the purpose of limiting and preventing his First Amendment-protected activities.

56.    As a direct and proximate result of the individual defendants' unlawful actions, plaintiff has suffered damages including, physical, mental and emotional injury and pain, mental anguish, suffering, humiliation, embarrassment and loss of reputation.

## SIXTH CLAIM
### Deliberate Indifference to Safety/Medical Needs

57.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

58.    The individual defendants were aware of a risk to plaintiff's safety and a need for medical care and failed to act in deliberate indifference to plaintiff's needs.

59.    Accordingly, defendants violated the fourteenth amendment because they acted with deliberate indifference to plaintiff's medical needs and safety.

60.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## SEVENTH CLAIM
### Failure To Intervene

61.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

62.    Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

63.    Accordingly, the defendants who failed to intervene violated the First, Fourth, Fifth And Fourteenth Amendments.

64.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

DATED:   October 2, 2012
         New York, New York

Robert Marinelli
299 Broadway, Suite 1501
New York, New York 10007
(212) 822-1427

*Attorney for plaintiff*