UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
CARL MORGAN,

                               Plaintiff,

                   -against-

CITY OF NEW YORK; Detective KIRK S. FERNANDES, Shield No. 2531; Detective JEAN REMY, Shield No. 12574; and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                               Defendants.
------------------------------------------------------------------- x

**FIRST AMENDED COMPLAINT**

Jury Trial Demanded

12-CV-4972 (RRM)(RLM)

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5. Plaintiff demands a trial by jury in this action.

## PARTIES

6. Plaintiff Carl Morgan ("plaintiff" or "Mr. Morgan") is a resident of Kings County in the City and State of New York.

7. Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

8. Defendant Detective Kirk S. Fernandes, Shield No. 2531 ("Fernandes"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Fernandes is sued in his individual and official capacities.

9. Defendant Detective Jean Remy, Shield No. 12574 ("Remy"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Remy is sued in his individual and official capacities.

10. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

11. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of defendant City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

12. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

13. At approximately 6:30 p.m. on July 8, 2011, plaintiff was lawfully in the vicinity of 150 Sterling Place, Brooklyn, NY.

14. At no time was involved in criminal activity plaintiff, or acting in a manner give officers any reasonable suspicion or probable cause to believe that a crime had been or was being committed.

15. Plaintiff was exiting the building when individuals dressed in street-clothes, who plaintiff later learned to be police officers, ran towards plaintiff.

16. At the time, plaintiff did not know that the individuals were police officers because they were not wearing any information identifying them as such and they did not announce that they were police officers.

17. One defendant grabbed plaintiff's wrist and twisted it.

18. Thinking that defendant was someone trying to rob him, plaintiff pulled his hand back in fear.

19. The second defendant came from behind plaintiff and hit him on the head with a blunt object, knocking plaintiff out.

20. When he awoke, plaintiff's face was smashed against a wall and his hands were in rear handcuffs.

21. Immediately, evidence of plaintiff's serious injury was apparent - his face, neck and jaw was bruised and swollen.

22. While plaintiff was unconscious, officers had illegally searched him and recovered one small bag of marijuana that plaintiff had for personal use.

23. To cover up their illegal stop, search and assault of plaintiff, defendants arrested plaintiff for possession of marijuana and resisting arrest.

24. Because possession of marijuana for personal use is not a crime in New York, but rather a violation, the officers alleged that they saw plaintiff holding thirty-one bags of marijuana in his right hand in public view.

25. At no time did plaintiff have marijuana or any other contraband in public view.

26. Defendants threw plaintiff from the wall to the police van and despite evidence of serious medical injury, he was taken to the 77th precinct for processing.

27. At the precinct the officers falsely informed employees of the Kings County District Attorney's Office that they had observed plaintiff in possession of 31 bags of marijuana in public view and resisting arrest.

28. At no point did the officers observe plaintiff possess possession of 31 bags of marijuana in public view or resisting arrest.

29. As a result of the assault by police officers, plaintiff was feeling dizzy, and his face and jaw were continuing to swell.

30. After numerous pleas for medical attention, at approximately 2:44 a.m. on July 9, 2011, defendants from the 77th precinct, including defendant 1655 took plaintiff to Woodhull Medical and Mental Health Center.

31. Medical staff observed that as a result of an assault, plaintiff sustained contusions to the face, scalp, and neck.

32. Plaintiff's head trauma was so severe that they conducted a CT scan and prescribed him medication.

33. Despite his serious injuries, plaintiff was then transported to and subsequently arraigned in Kings County Criminal Court.

34. Plaintiff was released after spending approximately forty-eight hours in custody.

35. All criminal charges against plaintiff were subsequently dismissed.

36. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to his reputation.

## FIRST CLAIM
### Unreasonable Force

37. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

38. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

39. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SECOND CLAIM
### Deliberate Indifference to Safety/Medical Needs

40. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

41. The individual defendants were aware of a risk to plaintiff's safety and a need for medical care and failed to act in deliberate indifference to plaintiff's needs.

42. Accordingly, defendants violated the fourteenth amendment because they acted with deliberate indifference to plaintiff's medical needs and safety.

43. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
### Failure To Intervene

44. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

45. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

46. Accordingly, the defendants who failed to intervene violated the First, Fourth, Fifth And Fourteenth Amendments.

47. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

DATED:   February 5, 2013
         New York, New York

Robert Marinelli
299 Broadway, Suite 1501
New York, New York 10007
(212) 822-1427

*Attorney for plaintiff*